IN THE MATTER OF ROBERT H. LAMBERT,
AN ATTORNEY AT LAW.

Argued December 11, 1978—Decided February 1, 1979.

*Mr. Richard J. Engelhardt* argued the cause for the Disciplinary Review Board.

Respondent made no appearance. ·

PER CURIAM. Robert H. Lambert, respondent herein, has been a member of the Bar of this State since 1974. On November 18, 1977, this Court entered an order temporarily suspending him from the practice of law pending the final determination of numerous ethics complaints which had been filed against him.

Formal hearings were held before the Union County Ethics Committee in December 1977 and January 1978. How-

ever, respondent, although duly notified, did not attend. The Committee, after hearing evidence as to seven complaints, filed seven presentments against respondent finding him guilty of numerous ethical infractions ranging from the misuse and conversion of substantial amounts of trust funds, to failure to represent clients zealously. This Court referred the presentments to the newly established Disciplinary Review Board (DRB). See *R.* 1:20-3(e).

Following a *de novo* review on the record, DRB rendered a formal Decision and Recommendation sustaining the findings of the Committee in all seven presentments as being fully supported by clear and convincing evidence. Disbarment was recommended.

It is unnecessary to set forth the facts found in each presentment. Most of them involve the misuse and conversion of trust funds. For example, in the Thatcher matter, respondent represented a purchaser in a real estate transaction. At the closing, in addition to disbursing some of the funds in his hands, he retained $12,863.27 out of the purchase price which was to be used by him to pay off an existing mortgage on the property. Respondent never satisfied the mortgage, and it remained a lien on the property until the title insurance company, which had issued a title policy to the purchaser, paid the mortgage and had it discharged of record.

In the Hibbert matter, respondent had interested a client of his in a possible business investment. The client gave respondent $16,832.61 which was to be held in respondent's trust account until the client, after being given a complete presentation of the details of the proposal, approved the investment and authorized the withdrawal of the money from the trust account. When respondent failed to deliver a receipt for the money, the client demanded the return of the funds. Respondent issued his trust account check for the amount in question, but it was returned to the client for "insufficient funds." Respondent then wrote a second check on another bank with the same result. To date, the money has not been repaid.

We recognize that this latter is not an attorney-client situation and that the loss did not arise out of respondent's practice of law. Nevertheless there was a patent conversion of funds entrusted to respondent. Unethical conduct on the part of an attorney is not necessarily confined to the practice of law. *In re Franklin,* 71 *N. J.* 425, 429 (1976). An attorney must act in his business transactions with high standards and his professional obligation reaches all persons who have reason to rely on him even though not strictly clients. *In re Genser,* 15 *N. J.* 600, 606 (1954).

The DRB concluded that respondent's conduct in each of the seven matters evidenced a failure to represent his clients' interests adequately, as well as dishonesty, fraud, deceit and misrepresentation, all in violation of DR7–101(A) (1), (2), (3) and DR9–102.

Having reviewed the record of the proceedings before the Union County Ethics Committee and otherwise examined the record below, we agree fully with the DRB Decision and Recommendation. Respondent has demonstrated his unfitness to practice law. His name is hereby stricken from the roll.

*For disbarment*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*Opposed*—None.

## ORDER

It is ORDERED that ROBERT H. LAMBERT of Middletown be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that ROBERT H. LAMBERT be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with all the regulations of the Disciplinary Review Board governing suspended, disbarred or resigned attorneys.